UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CR-29-TAV-HBG-1 |
| LEESHAWN HOWARD, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's pro se motions for compassionate release [Docs. 119, 122]. The United States has filed a response in opposition [Doc. 124]. Pursuant to Standing Order 21-09, counsel was appointed to review defendant's case to determine whether a supplemental motion for compassionate release should be filed [Docs. 127, 129]. Counsel has since filed a notice that no supplement will be filed [Doc. 130]. The matter is now ripe for adjudication. For the reasons set forth more fully below, defendant's motions will be **DENIED**.

**I.  Background**

On March 7, 2019, a jury found defendant guilty of one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) [Doc. 55]. Defendant was sentenced to 128 months' imprisonment as to the drug conviction and 60 months' imprisonment, to run consecutive, as to the firearms charge, for

a total term of imprisonment of 188 months, to be followed by five years of supervised release [Doc. 84].

Defendant is housed at FCI Loretto, which currently has zero (0) active cases of COVID-19 amongst the inmates, zero (0) active cases amongst the staff, and 133 staff and 638 inmates have been vaccinated against COVID-19. COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited September 8, 2021). Defendant is twenty-eight (28) years old and suffers from, among other ailments, asthma and obesity[1] [Docs. 122-2, 122-3]. Defendant was also diagnosed with COVID-19 in August 2020, and on October 28, 2020, reported a continuing shortness of breath after recovering [Doc. 122-2, p. 2]. Defendant is scheduled for release on May 23, 2031. Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 8, 2021).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239

---

[1] Defendant's medical records report a weight of 258 pounds [Doc. 122-2, p. 2] and his Presentence Investigation Report shows a height of five feet, nine inches [Doc. 68,¶ 38], which indicates a BMI of 38.1, which qualifies as medically obese. Adult BMI Calculator, Centers for Disease Control and Prevention, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html.

2

(2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of thirty (30) days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*.

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in

3

> [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107-08 (6th Cir. 2020) (internal citations omitted). "In cases where incarcerated persons [as opposed to the Bureau of Prisons] file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111. In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). However, as no policy statement applies to defendant-filed motions for compassionate release, the second requirement plays no role. *Id.*

### III. Analysis

#### A. Section 3582(c)(1)(A)'s Preliminary Threshold to Relief: Exhaustion

The Court examines first whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*,

138 S. Ct. 13, 17 (2017)).  The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture.  *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

The government concedes that the exhaustion requirement has been met in this case [Doc. 124].  Thus, the Court may consider the merits of defendant's request.

**B.  § 3553(a) factors**

As noted above, the Court need not consider all three statutory prerequisites if any one would serve as a basis for denial.  *Elias*, 984 F.3d at 519.  In this instance, the § 3553(a) factors weigh against compassionate release, so the Court need not address whether defendant has satisfied the extraordinary and compelling reasons prong of the analysis. "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."  *United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) (internal citations omitted).  The "overarching" inquiry under § 3553(a) is whether the sentence imposed is "sufficient, but not greater than necessary, to comply with the purposes" outlined in § 3553(a) paragraph (2).  § 3553(a); *see also Pepper v. United States*, 526 U.S. 476, 491 (2011).  To this end, § 3553(a) directs the Court to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable guideline range, any pertinent policy statement, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to any victims.  § 3553(a); *see also Pepper*, 526 U.S. at 491.

5

Initially, the Court notes that it conducted a thorough analysis of the § 3553(a) factors during the sentencing in this case, which the Court incorporates herein [Doc. 115]. The Court begins with the criminal conduct at issue in this case. A jury found defendant guilty of conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine, as well as possession of a firearm in furtherance of a drug trafficking crime [Doc. 55]. Evidence at trial revealed that defendant possessed 879 grams of methamphetamine which was approximately 97% pure [Doc. 68, ¶ 9]. The Court finds that this was a serious drug offense involving a significant amount of methamphetamine. The seriousness of the offense is reflected in the potential sentence defendant faced, with a statutory mandatory minimum ten-year sentence for the drug charge and a statutory mandatory minimum five-year sentence, to be served consecutively, as to the firearms charge. *See* 18 U.S.C. § 924(c); 21 U.S.C. § 841(b)(1)(A).

The Court recognizes that before this case, defendant had no prior convictions on his criminal history, and it took that factor into account at the time of sentencing [Doc. 115, p. 10], just as it also considers that factor now. The Court also notes that defendant has incurred at least one disciplinary infraction since beginning his term of imprisonment for refusing to obey an order and interfering with staff [Doc. 124-4].

The Court has also considered the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed education and training, medical care,

6

or other correctional treatment. *See* 18 U.S.C. § 3553(a). Further, the Court has considered the kinds of sentences available, the guideline sentencing range, and the need to avoid unwarranted disparities. *Id.*

After considering the above, and all other evidence of record, the Court finds that the § 3553(a) factors weigh against compassionate release. The Court recognizes that defendant was relatively young at the time of the instant offense, approximately twenty-five years old, and had no prior criminal history, as well as defendant's current medical condition. The Court finds that those facts are outweighed by the other relevant sentencing factors.

As the Court noted above, defendant was sentenced to a term of imprisonment of 188 months [Doc. 84], and he is due to be released May 23, 2031, approximately 116 months from now. The Sixth Circuit has ruled that courts may consider the amount of time a defendant has served when ruling on a motion for compassionate release. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("[T]he need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). In this instance, defendant has served less than half of his sentence, and the Court finds that the length of time left on defendant's sentence is another factor which weighs against compassionate release.

The Court is aware of defendant's medical conditions, and the risk that the ongoing pandemic poses to defendant and to others. That risk is somewhat lessened by the fact that

7

the Bureau of Prisons has begun vaccinating inmates against COVID-19, and, as the Court noted above, 638 inmates at the facility where defendant is housed have already been vaccinated. The Court in no way diminishes the risk COVID-19 continues to present, but the Court must still balance the § 3553(a) factors against all other relevant evidence.

In reaching this decision, the Court has considered the parties' filings, the PSR, the § 3553(a) factors and other relevant law, and the record as a whole. While the Court recognizes defendant's medical condition, that is only part of the compassionate release calculus. On the record before the Court, the sentencing factors weigh against early release, and defendant's motions for compassionate release will be **DENIED**.

## IV. Conclusion

For the reasons set forth more fully above, defendant's motions for compassionate release [Doc. 119, 122] are **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE