UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:18-CR-29-TAV-JEM-1 |
| LEESHAWN HOWARD, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's second motion for compassionate release [Doc. 134]. After granting defendant's motion to appoint counsel [Docs. 135, 136], counsel for defendant filed a notice of no intention to supplement defendant's motion [Doc. 137]. The government has responded in opposition [Doc. 138]. For the reasons set forth below, defendant's motion [Doc. 134] will be **DENIED**.

### I. Background

On March 7, 2019, a jury convicted defendant of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 18 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) (Count One); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two) [Doc. 55]. Defendant received a sentence of 188 months' imprisonment, followed by five (5) years of supervised release [Doc. 84]. According to the Bureau of Prisons' ("BOP") website, defendant is currently scheduled for release on May 23, 2031. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed Mar. 25, 2025).

## II. Legal Standard

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised one such exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018). Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the BOP. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in section 3553(a) to the extent that they are applicable" if it finds:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id.* Defendant seeks relief under a § 3582(c)(1)(A)(i) motion [Sealed Doc. 79].

2

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

> At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted). In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

### III. Analysis

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, defendant has not presented any evidence that he exhausted his administrative remedies through a request to the BOP. Although he administratively pursued compassionate release from the BOP in 2020 based on his risk of contracting COVID-19, the Court already denied relief on this ground in ruling on his first compassionate release motion [Doc. 131]. Defendant's instant motion raises separate and unrelated bases for relief that have not been presented to the BOP. Per the email correspondence submitted by the government, the BOP was unable to locate any pending requests in its database or other records of defendant seeking release on the instant grounds [*See* Doc. 138-2]. The Court cannot overlook what the United States Court of Appeals for the Sixth Circuit has described as "a 'glaring roadblock foreclosing compassionate release.'" *Alam*, 960 F.3d at 835 (quoting *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)). Indeed, as the Sixth Circuit made clear in *Alam*, "[n]othing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions," "[b]ecause 'Congress sets the rules' when it comes to statutory exhaustion requirements." *Id*. at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chicago*, 583 U.S. 17, 19 (2017)). Thus, the Court may not proceed to the merits of defendant's claims because he has not satisfied the mandatory exhaustion requirement contained in § 3582(c)(1)(A).

## IV. Conclusion

For the reasons set forth above, defendant's motion [Doc. 134] is **DENIED.**

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
